UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
PAUL I. BURMAN, et al.,            )
                                   )
    Plaintiffs,                   )
                                   )
v.                                 )
                                   )  Civil Action No. 04-1276 (RBW)
PHOENIX WORLDWIDE                  )
INDUSTRIES, INC., et al.,          )
                                   )
    Defendants.                   )
_____)

**MEMORANDUM OPINION**

    The plaintiffs bring this action alleging "statutory securities fraud, common law fraud and misrepresentation, negligent misrepresentation, breach of fiduciary duty and negligence." Second Amended Complaint ("Compl.") at 1. Currently before the Court is defendants Phoenix Worldwide Industries, Inc.'s ("Phoenix") and Dr. J. Al Esquivel Shuler's ("Shuler") Rule 12(b)(6) Motion to Dismiss ("Defs.' Mot.") and the plaintiffs' opposition thereto.[1] For the reasons set forth below, the defendants' motion is denied.

### I.   Background

    This Court has previously set forth an extensive discussion of the facts of this case as well as all of the applicable legal standards in its earlier memorandum opinion. Burman v. Phoenix Worldwide Indus., 384 F. Supp. 2d 316, 321-24 (D.D.C. 2005). Accordingly, there is no need to repeat that information again. It is helpful, however, to review the procedural background of this case.

---

[1] The following papers have been submitted in connection with this motion: (1) the Defendants Phoenix Worldwide Industries, Inc. and Dr. J. Al Esquivel Shuler's Memorandum of Law in Support of Rule 12(b)(6) Motion to Dismiss Plaintiffs' Second Amended Complaint ("Defs.' Mem."); (2) the Plaintiffs' Opposition to Defendants Phoenix Worldwide Industries and Dr. J. Al Esqivel Shuler's 12(b)(6) Motion to Dismiss ("Pls.' Opp'n"); and (3) the Reply of Defendants Phoenix and Shuler to Plaintiffs' Opposition to Rule 12(b)(6) Motion to Dismiss Second Amended Complaint ("Defs.' Reply").

The plaintiffs commenced this action on July 29, 2004. Following a round of initial briefing on a dismissal motion,[2] the plaintiffs filed an amended complaint alleging eight separate claims: (1) violations of section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) (2000), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b (2005); (2) common law fraud, deceit, and misrepresentation; (3) negligent misrepresentation; (4) breach of fiduciary duties; and (5) violation of state Blue Sky laws, D.C. Code §§ 3-3602, 31-5605.02 (2001). Id. ¶¶ 97-137. In addition, the plaintiffs asked this Court to appoint a receiver for the corporation, id. ¶¶ 138-49, and they sought various forms of post-judgment injunctive relief, id. ¶¶ 150-53. Finally, the plaintiffs asserted one claim of negligence against the accounting firm of Rachlin, Cohen & Holtz ("Rachlin"). Id. ¶¶ 154-59. All of these claims are based upon either alleged misrepresentations concerning contracts that had been secured by Phoenix (contract misrepresentations) or misrepresentations relating to unpaid taxes by Phoenix (IRS misrepresentations). Burman, 384 F. Supp. 2d at 321-24.

Shortly after the filing of the amended complaint, the defendants[3] filed a motion to dismiss under Federal Rules of Civil Procedure 9(b) and 12(b)(6). The defendants' motion sought dismissal of each count of the amended complaint. On August 30, 2005, this Court granted in part and denied in part the defendants' motion. Burman, 384 F. Supp. 2d at 321. Specifically, this Court concluded, in part, that the plaintiffs had failed to sufficiently plead

---

[2] Shortly after the commencement of this action, the defendants filed a motion to dismiss contending that the complaint, as drafted, was defective. After all of the papers in connection with the dismissal motion had been filed, but before this Court had the opportunity to resolve it, the plaintiffs filed an amended complaint. The defendants then filed a second motion to dismiss, which was the subject of this Court's earlier opinion. See Burman, 384 F. Supp. 2d at 316.

[3] Rachlin was not a party to the earlier motion to dismiss, nor is it a party to the motion to dismiss that is the subject of this opinion. Thus, the Court uses the term defendants to reference only defendants Phoenix and Shuler.

scienter in counts one and two of the amended complaint as it related to alleged IRS misrepresentations. Id. at 331-34, 336 n.16. In addition, the Court found that count six, the plaintiffs' claim for appointment of a receiver, was also improperly pled. Id. at 340. Rather than dismissing those counts, the Court provided the plaintiffs an opportunity to file a second amended complaint to cure the defects. Id. at 321 n.3. The second amended complaint was filed on October 3, 2005. The defendants now contend that the second amended complaint does not cure the defects identified by this Court in its earlier memorandum opinion, and thus the defendants request that those counts be dismissed pursuant to Rule 12(b)(6).

## II.   Standard of Review

Rule 9(b) requires that a pleader state with particularity the circumstances constituting claims of fraud or mistake. Fed. R. Civ. P. 9(b). "Rule 9(b)'s particularity requirement ensures that the opponent has notice of the claim, prevents attacks on his reputation where the claim for fraud is unsubstantiated, and protects against a strike suit brought solely for its settlement value." In re U.S. Office Prod. Sec. Litig., 326 F. Supp. 2d 68, 73 (D.D.C. 2004) (citation omitted). Thus, because Rule 9(b) is "chiefly concerned with the elements of fraud, the circumstances that the claimant must plead with particularity include matters such as the time, place, and content of the false misrepresentations, the misrepresented fact, and what the opponent retained or the claimant lost as a consequence of the alleged fraud." Id. (citing United States ex rel. Totten v. Bombardier Corp., 286 F.3d 542, 551-52 (D.C. Cir. 2002)). Accordingly, the plaintiffs must plead the "who, what, when, where, and how" with respect to the circumstances of the fraud. DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990). Thus, Rule 9 requires more than "pleadings [based] on information and belief," but rather "require[s] an allegation that the

3

necessary information lies within the defendant's control" and "such allegations must also be accompanied by a statement of the facts upon which the allegations are based." Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1279 n.3 (D.C. Cir. 1994). "Rule 9(b)'s particularity requirement does not abrogate Rule 8's general requirement that a pleading contain a short and plain statement of the claim, and that each averment be simple, concise, and direct." In re U.S. Office Prod. Sec. Litig., 326 F. Supp. 2d at 74. On the other hand, Rule 9(b) "requires the pleader to provide a higher degree of notice by adequately alleging all the elements for the cause of action . . . ." Id. Finally, "[c]onclusory allegations that a defendant's actions were fraudulent and deceptive are not sufficient to satisfy [Rule] 9(b)." Shekoyan v. Sibley Int'l Corp., 217 F. Supp. 2d 59, 73 (D.D.C. 2002).

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), this Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiffs and must grant the plaintiffs the "benefit of all inferences that can be derived from the" facts alleged. Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal, 16 F.3d at 1276); see Conley v. Gibson, 355 U.S. 41, 45-46 (1957);. "[T]he complaint need only set forth 'a short and plain statement of the claim,' Fed. R. Civ. P. 8(a)(2), giving the defendant fair notice of the claim and the grounds upon which it rests." Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing Conley, 355 U.S. at 47). "Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." Conley, 355 U.S. at 47-48. While many well-plead complaints are conclusory, the Court need

not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. Kowal, 16 F.3d at 1276.  Moreover, in deciding whether to dismiss a claim under Rule 12(b)(6), the Court can only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference into the complaint, and matters about which the Court may take judicial notice. EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 n.3 (D.C. Cir. 1997).  A court may dismiss a claim pursuant to Rule 12(b)(6) only if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

### III.   Analysis

**(A)   The Plaintiffs' Securities Fraud and Common Law Fraud Claims**

This Court has previously set forth the pleading requirements for both securities fraud and common law fraud in its earlier memorandum opinion. Burman, 384 F. Supp. 2d at 326-27, 336-37.  The Court, nonetheless, will repeat those standards.

Count one of the plaintiffs' second amended complaint alleges violations of Rule 10b-5 of the Code of Federal Regulations, 17 C.F.R. § 240.10b (2005), promulgated pursuant to Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) (2000).  Compl. ¶¶ 97-105.  Rule 10b-5 "prohibit[s] fraudulent activities in connection with securities transactions." Novak v. Kasaks, 216 F.3d 300, 305 (2d Cir. 2000).  And section 10(b) makes it unlawful

> [t]o use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. § 78j(b).  Rule 10b-5 is section 10(b)'s implementing regulation, and it provides that it is unlawful, in connection with the purchase or sale of securities,

5

>(a) To employ any device, scheme, or artifice to defraud,
>
>(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
>(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5. "To state a claim for securities fraud under Rule 10b-5, a plaintiff must allege that the defendant knowingly or recklessly made a false or misleading statement of material fact in connection with the purchase or sale of a security, upon which [the] plaintiff reasonably relied, proximately causing his injury." Kowal, 16 F.3d at 1276. Thus,

>a plaintiff must allege (1) a material misstatement or omission, (2) made with scienter (an intent to deceive), (3) made in connection with the purchase or sale of a security, (4) furthered by the use of the mails or a national securities exchange, and (5) upon which plaintiff detrimentally relied.

IDT Corp. v. eGlobe, Inc., 140 F. Supp. 2d 30, 33 (D.D.C. 2001) (citing Kowal, 16 F.3d at 1276). Similarly, to establish a common law fraud claim (count two of the second amended complaint in this case), a plaintiff must allege with particularity that: (1) the defendant made a false representation; (2) the representation was in reference to a material fact; (3) the defendant had knowledge of its falsity; (4) the defendant intended to deceive (scienter); (5) the plaintiff acted in reliance on the misrepresentation; and (6) the reliance was reasonable. In re U.S. Office Prod. Co. Sec. Litig., 251 F. Supp. 2d 77, 100 (D.D.C. 2003). When stating a claim under either Rule 10b-5 or common law fraud, the claimant must satisfy Federal Rule of Civil Procedure 9(b)'s particularity requirement and state the circumstances constituting fraud with particularity. Kowal, 16 F.3d at 1277-79. The only question before this Court in the motion currently under

consideration is whether the plaintiffs, in alleging the IRS misrepresentation, properly plead scienter.

In an attempt to prevent "abusive and meritless lawsuits," Congress passed the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78b et seq. (2000). H.R. Conf. Rep. No. 104-369 at 31 (1995). The PSLRA amended the Securities Exchange Acts of 1933 and 1934 by requiring that "with respect to each act or omission alleged to violate the [the Securities Exchange Act, the complaint must] state with particularity facts giving rise to a strong inference that [a] defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2) (emphasis added). "Courts have described § 78u-4(b)(2) as requiring that a plaintiff must plead with particularity facts that establish a 'strong inference' of scienter." In re U.S. Office Prod. Sec. Litig., 326 F. Supp. 2d at 75 (citing Levitt v. Bears Stearns & Co., Inc., 340 F.3d 94, 104 n.2 (2d Cir. 2003); In re Baan Co. Sec. Litig., 103 F. Supp. 2d 1, 19 (D.D.C. 2000)). The PSLRA, therefore, imposes a pleading standard that exceeds that required to establish a claim for common law fraud. See Rogers v. Cisco Sys., Inc., 268 F. Supp. 2d 1305, 1310 n.9 (N.D. Fla. 2003). However, as a member of this Court noted, "[t]here is no consensus among the courts as to how a 'strong inference' of scienter may be established, and our Circuit has yet to rule on the issue." In re Baan, 103 F. Supp. 2d at 19.

Courts are split as to how a "strong inference" of scienter may be established. For example, the Third Circuit, adopting the Second Circuits pre-PSLRA standard, concluded that the PSLRA requires that the facts demonstrate "a 'strong inference' of defendant's fraudulent intent." In re Advanta Corp. Sec. Litig., 180 F.3d 525, 532-35 (3d Cir. 1999). Under this standard, scienter has been sufficiently pled if the plaintiffs "(a) allege[] facts to show that

defendants had both motive and opportunity to commit fraud or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994).  In fact, the Second Circuit has noted that "the PSLRA effectively raise[s] the nationwide pleading standard to that previously existing in this circuit and no higher (with the exception of the 'with particularity' requirement)." Novak, 216 F.3d at 310.  Nonetheless, the Second Circuit concluded that "Congress's failure to include language about motive and opportunity suggests that we need not be wedded to these concepts in articulating the prevailing standard." Id.  Other Circuit Courts, however, have concluded that the PSLRA "strengthens the old Second Circuit standard by rejecting the simple pleading of motive and opportunity." See In re Interbank Funding Corp. Sec. Litig., 329 F. Supp. 2d 84, 90 (D.D.C. 2004) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1283 (11th Cir. 1999), vacated on other grounds, Belizan v. Hershorn, 434 F.3d 579 (D.C. Cir. 2006); see In re Silicon Graphics Sec. Litig., 183 F.3d 970, 978 (9th Cir. 1999); In re Comshare, Inc. Sec. Litig., 183 F.3d 542, 550-51 (6th Cir. 1999)).  And still other Circuit Courts have found a middle ground, noting that "Congress chose neither to adopt nor reject particular methods of pleading scienter—such as alleging facts showing motive and opportunity—but instead only required plaintiffs to plead facts that together establish a strong inference of scienter." Makor Issues & Rights, Ltd. v. Tellabs, Inc., 437 F.3d 588, 601 (7th Cir. 2006). The District of Columbia Circuit has not yet provided guidance on this issue. In re Interbank Funding Corp. Sec. Litig., 329 F. Supp. 2d at 90.

Under the "motive and opportunity test," it has been held that scienter is properly alleged when a complaint posits that the defendants "(1) benefitted in a concrete and personal way from the purported fraud . . .; (2) engaged in deliberately illegal behavior . . .; (3) knew facts or had

access to information suggesting that their public statements were not accurate . . .; or (4) failed to check information that they had a duty to monitor." Novak, 216 F.3d at 311. It also has been held "that it remains sufficient for plaintiffs [to] plead scienter by alleging facts 'establishing a motive and an opportunity to commit fraud, or by setting forth facts that constitute circumstantial evidence of either reckless or conscious behavior.'" In re Advanta, 180 F.3d at 534-35 (citation omitted). The second of the two tests requires a reckless statement, which is a "statement . . . involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." Id. at 535 (quoting McLean v. Alexanders, 599 F.3d 1190, 1197 (3d Cir. 1979) (internal quotation marks omitted)). However, no matter which of the three standards cited above is applied, it is well established "that a pleading of scienter 'may not rest on a bare inference that a defendant must have had knowledge of the facts.'" In re Advanta, 180 F.3d at 539 (quoting Greenstone v. Cambex Corp., 975 F.2d 22, 26 (1st Cir. 1992)).

  Here, the plaintiffs have sufficiently pled scienter as to the IRS misrepresentations by alleging behavior that is reckless, which if proven true, creates a strong inference of scienter. The plaintiffs second amended complaint asserts that in 2002, Charles Levy and Shuler made affirmative and false allegations that Phoenix had satisfied previously unpaid tax obligations. Compl. ¶¶ 89-90. Specifically, the second amended complaint avers that contrary to those representations, Phoenix's audited financial statements for the period of 2000 through March 31, 2001, actually indicate that it had not paid all applicable employment taxes. Id. Upon reviewing these financial statements, one of the plaintiffs inquired about this unpaid tax obligation. Id.

According to the second amended complaint, Levy responded falsely that the tax obligation had been satisfied. Id. ¶ 89. The second amended complaint recounts a similar conversation with Shuler in July 2002. Id. ¶ 90. These are not conclusory allegations, but rather constitute specific statements "which present[] a danger of misleading buyers or sellers that [are] either known to the defendant or [are] so obvious that the actor must have been aware of it." In re Advanta, 599 F.2d at 535. Therefore, scienter is properly plead in the second amended complaint as to the IRS misrepresentations.

      The defendants claim, however, that the taxes were indeed paid and thus scienter cannot be established. Defs.' Opp'n at 3. To support this contention, the defendants direct the Court to note 14 of Phoenix's financial statements for the period of 2003 through March 31, 2004, which state that "[o]n Novermber 14, 2004, after numerous discussions with the Collections Divisions of the IRS . . . the Company paid the IRS the remaining liability for the disputed payroll tax liability in the amount of $16,468 in order to obtain a release of the $210,100 federal tax lein." Compl, Ex. 4 at 18.[4] This statement does not support the defendants' position. Rather, this exhibit further supports the allegation that Shuler and Levy's statements in 2002 that the company's tax obligations had been satisfied was false. As this exhibit makes clear, the tax obligation was not satisfied until late-2004. While the tax obligation appears to have been eventually satisfied, this does not change the fact that in 2002, Levy and Shuler allegedly falsely represented that the tax obligation had been paid. See Compl. ¶¶ 91-94. Moreover, the plaintiffs assert that Levy and Shuler knew or should have known that these statements were false when they were made. Compl. ¶ 93. There can be no doubt that if the plaintiffs can prove that these

---

[4] This note was added to the financial statements on November 15, 2004. Compl., Ex. 4 at 3.

statements were made and that the statements were reckless, a strong inference of scienter will have been created.[5]

Based on the foregoing, the plaintiffs' second amended complaint sufficiently alleges scienter as to the IRS misrepresentation claim. Accordingly, those claims in count one and two of the second amended complaint will not be dismissed.

**(B)    The Plaintiffs' Receivership Request**

The defendants argue that the plaintiff's request for the appointment of a receivership (count six of the second amended complaint) should also be dismissed, again for failure to properly allege a claim upon which relief may be granted. Defs.' Mem. at 6-9. "To establish a claim for a court-appointed receiver, [the plaintiff] must allege facts to show that the majority of shareholders or directors of the company have engaged in, or are presently engaged in, fraudulent misconduct which puts the company at immediate risk of great loss." Cowin v. Bresler, 741 F.2d 410, 417 (D.C. Cir. 1984). Moreover, a "request for a court-appointed receiver 'to wind up a solvent going business is rarely granted . . . . " Id. (quoting Berwald v. Mission Dev. Co., 40 Del. Ch. 509, 512 (Sup. Ct. 1962)). And under Florida law, a receiver will not be appointed unless there are allegations that the defendant is insolvent.[6] See Jones v. Harvey, 82 So.2d 371,

---

[5] Because this Court concludes that the plaintiffs' second amended complaint satisfies the pleadings requirements for the PSLRA, it must conclude that the pleadings requirements for common law fraud are also satisfied. Rogers, 268 F. Supp. 2d at 1310 n.9 (noting that the pleadings requirements for the PSLRA exceed the pleadings requirements to establish a claim for common law fraud.).

[6] As this Court noted in its earlier Memorandum Opinion, in determining what standard to apply in reviewing the adequacy of this claim, the Court must rely on state law, as opposed to federal law. As the District of Columbia Circuit noted in Cowin, "[i]n our view, the propriety—in a diversity suit—of appointing a receiver to liquidate a business organized under state law sounds a substantive right that should be determined by reference to state law." Cowin, 741 F.2d at 417 n.8. Because this claim is based on state law grounds, the Court must apply the applicable state law. Id. (applying Delaware state law to a receivership claim over a Delaware corporation). As to which state law applies, the parties throughout their papers cite to Maryland, District of Columbia and Florida law in

(continued...)

372 (Fla. 1955); see also Del-Mar-Va Hardware Corp. v Boss Mfg. Co., 187 A.2d 693, 694 (Md. 1963) (under Maryland law, "there must be clear proof of insolvency . . . as a prelude to the appointment of a receiver").[7]

The defendants opine that although the plaintiffs' second amended complaint alleges insolvency and asserts that there is an immediate risk of great loss, the financial statements relied upon by the plaintiffs contradict these assertions. Defs.' Mem. at 7. And, the defendants assert that Phoenix is not insolvent. Id. The plaintiffs claim, however, that they have properly alleged insolvency. Pl.'s Opp'n at 4-7. Specifically, the plaintiffs assert that Phoenix's assets are exceeded by its liabilities, id. at 6-7, and that the company is at immediate risk of great loss. Id.

Both parties' arguments are premised upon each other's interpretation of Phoenix's financial statements. For example, the plaintiffs, when calculating Phoenix's assets, do not include Phoenix's noncurrent inventories, which they assert are valueless. Compl. ¶ 145. The defendants', on the other hand, include the noncurrent inventory as part of its assets. Defs.' Mem. at 4-5. Whether the plaintiffs' or the defendants' interpretation of Phoenix's financial statements is correct is not a determination for the Court to make in addressing a 12(b)(6) motion. Rather, what the Court is required to do at this point in the proceedings is view the facts

---

[6](...continued)
support of their various positions. However, the parties provide little support for the applicability of a particular jurisdiction's law. To the extent that the parties disagree on what jurisdiction's law applies to particular claims, this Court finds it unnecessary to engage in a conflicts of law analysis because, as discussed in this Court's previous opinion, the Court's conclusions would not be altered regardless of which jurisdiction's law is applies. Burman, 384 F. Supp. 2d at 325 n.6, 340 n.20.

[7] The parties did not provide this Court with any legal authority discussing the standard District of Columbia courts apply when determining whether a receiver should be appointed, and this Court could find none. It is well-settled, however, that "[w]hen District of Columbia law is silent, it has been the practice of the federal courts in this Circuit to turn to the law of Maryland for historical and geographical reasons." Gray v. American Express Co., 743 F.2d 10, 17 (D.C. Cir. 1984).

in the light most favorable to the plaintiff. See Conley, 355 U.S. at 45-46. In doing so, the financial statements, which were attached to the second amended complaint, demonstrate, under the plaintiffs' interpretation, that the Phoenix's liabilities exceed its assets. Therefore, the plaintiffs' second amended complaint sufficiently alleges insolvency and therefore states a claim for the need to appoint a receiver. See 11 U.S.C. § 101(32) (2001) (defining insolvent as when a company's debt exceeds its assets); D.C. Code § 29-101.02(14) (2005) ("'Insolvent' means that the corporation is unable to pay its debts as they become due in the usual course of its business"); Fla. Stat. § 726.103(1), (2) (same).[8] Accordingly, this count of the second amended complaint will also not be dismissed.

### VI.   Conclusion

For the reasons set forth above, the plaintiffs' second amended complaint satisfies the pleadings requirements of both Rule 8(a)(1) and 9(b) of the Federal Rules of Civil Procedure, and therefore the defendants' motion to dismiss must be denied.

**SO ORDERED** this day of 7th day of July, 2006.[9]

REGGIE B. WALTON<br>United States District Judge

---

[8] See footnote 5, supra.

[9] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.